UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 00-6210-CR-HURLEY |
| Plaintiff, ) | Magistrate Judge Vitunac |
| vs. ) | |
| CINDY K. DEFRIES ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE DISCLOSED IN VIOLATION OF STANDING DISCOVERY ORDER

Defendant, **CINDY K. DEFRIES,** through counsel, hereby files this her Motion in Limine to Exclude Evidence Disclosed in Violation of the Standing Discovery Order in this case. As grounds, she states:

1. On or about August 1, 2000, Defendant was indicted in this case for allegedly willfully failing to pay past child support obligations.

2. A Standing Discovery Order was entered in this case on September 18, 2000.

3. The Government filed its response to the Standing Discovery Order on October 17, 2000, and attached several exhibits (evidence of which is not being challenged as untimely in this motion). However, Defendant reserves the right to challenge that evidence on other evidentiary grounds.

4. At the initial status conference on October 18, 2000, the undersigned wrote that the case was ready for trial and there were no discovery problems at that time. The

           Government did not mention any additional discovery at that time.

5.     The undersigned attended a status conference on November 7, 2000, indicating to the Court that Defendant was ready for trial. The Government did not object to the case being ready, although Mr. Brown was not at the hearing.

6.     Trial was subsequently set for the November-December 2000 trial calendar, and is currently set for December 11, 2000.

7.     Thereafter, the Government at the last minute filed a First Supplemental Response to the Standing Discovery Order, on or about November 29, 2000, which arrived on or about December 1, 2000. This response consisted of several hundred pages of Defendant's American Express records for about five years.

8.     The Government against filed a Second Supplemental Response to the Standing Discovery Order, on or about December 5, 2000, which arrived on or about December 6, 2000. This response consisted of several hundred pages of inventory sales records and other documents relating to Defendant's payment history for child support obligations over the last several years.

9.     Both the First and Second Supplemental Responses were untimely filed, and filed only after the case was set for trial certain. Both responses were filed more than 14 days after the issuance of the Standing Discovery Order. The evidence in the responses is NOT newly discovered evidence.

10.     The evidence in the responses was filed at the eve of trial, and has therefore unduly prejudiced Defendant. More importantly, this evidence has been available to the Government for some time, and its failure to produce it timely should not benefit the

Government. Defendant is entitled to a speedy trial under the Speedy Trial Act and is ready for trial on December 11, 2000.

11. The untimely production of the aforementioned discovery violates Defendant's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), *Napue and Giglio.*.

**WHEREFORE**, Defendant respectfully requests that this Court exclude all Government evidence that was untimely disclosed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to: Bruce O. Brown, Esq., Assistant United States Attorney, 500 Australian Avenue South, Suite 400, West Palm Beach, FL 33401, by U.S. Mail / hand-delivery / facsimile, on this __7__ day of December, 2000.

Respectfully submitted,

VALENTIN RODRIGUEZ, ESQ.
Valentin Rodriguez, P.A.
318 Ninth Street
West Palm Beach, FL 33401
(561) 832-7510
Fla Bar No. 047661

Counsel for Defendant (local counsel)

3