NIGHT BOX
FILED

DEC 08 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLERK, USDC / SDFL / WPB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 00-6210-CR-HURLEY |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Vitunac |
| vs. | ) | |
| | ) | |
| **CINDY K. DEFRIES** | ) | |
| | ) | |
| Defendant. | ) | |
| | / | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
### OF ACTS PRIOR TO STATUTE OF LIMITATIONS

Defendant, **CINDY K. DEFRIES**, through counsel, hereby files this her Motion in Limine to Exclude Evidence of Acts Prior to Statute of Limitations. As grounds, she states:

1. On or about August 1, 2000, Defendant was indicted in this case for allegedly willfully failing to pay past child support obligations, in violations of the Child Support Recovery Act, 18 U.S.C. § 228, et seq. ("CSRA").

2. The Indictment alleges willful non-payment from March 1993 to July 1998.

. There is no particular statute of limitations for the CSRA, so the applicable statute of limitation is found at 18 U.S.C.A. § 3282:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed.

4. Therefore, the applicable time frame for statute of limitations purposes in this case is August 1, 1995 to July, 1998 (the date of the last act alleged in the Indictment).

27

5. The evidence should be so limited to only include acts within this time frame because there is no evidence outside the statute of limitations time period that bears on the issue of willfulness during the applicable time frame. *See, generally, United States v. Heacock*, 31 F.3d 249 (5th Cir. 1994); *United States v. Edwards*, 968 F.2d 1148 (11th Cir. 1992) (conflicting evidence as to when drug importation offenses were completed required instruction on statute of limitations defense).

6. Defendant's due process rights would also be violated by the jury being presented with acts outside the statute of limitations period, because Defendant is prejudiced in presenting stale rebuttal evidence for acts more than five years ago.

**WHEREFORE**, Defendant respectfully requests that this Court exclude all Government evidence outside the statute of limitations period, that is, evidence of acts prior to August 1, 1995.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to: Bruce O. Brown, Esq., Assistant United States Attorney, 500 Australian Avenue South, Suite 400, West Palm Beach, FL 33401, by U.S. Mail / hand-delivery / facsimile, on this _11_ day of December, 2000.

Respectfully submitted,

_____
VALENTIN RODRIGUEZ, ESQ.
Valentin Rodriguez, P.A.
318 Ninth Street
West Palm Beach, FL 33401
(561) 832-7510
Fla Bar No. 047661

Counsel for Defendant (local counsel)