UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 00-6210-CR-HURLEY |
| Plaintiff, | Magistrate Judge Vitunac |
| vs. | |
| CINDY K. DEFRIES | |
| Defendant. | |

### DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Defendant, **CINDY K. DEFRIES**, through counsel, pursuant to Fed.R.Crim.P. 29(a), hereby files this her Motion for Judgment of Acquittal and Memorandum of Law. As grounds, she states:

1. On or about August 1, 2000, Defendant was indicted in this case for allegedly willfully failing to pay past child support obligations in violation of 18 U.S.C. § 228.

2. The central issue in the case is whether Defendant has willfully failed to pay past child support obligations.

3. There is no dispute that Defendant has past child support obligations that went unpaid during material times alleged in the Indictment.

4. The Government has failed to establish Defendant's net income during the applicable time periods in the Indictment. Therefore, no analysis can be made, in the light most favorable to the Government, whether Defendant willfully failed to pay her child support obligations.

5. Further, but not necessary to the analysis as the Government cannot establish net



        income, is that the Government has failed to establish whether Defendant could have engaged in other employment opportunities that would have resulted in better opportunities to pay child support obligations.

6. In the light most favorable to the Government, the evidence has shown that there have been several efforts to collect funds from Defendant for child support obligations, and those efforts have made it more difficult, if not impossible, for Defendant to maintain employment and reap profits from her business enterprises.

7. In the light most favorable to the Government, Defendant did not purposefully change employment as to avoid payment. Rather, the testimony of Donna Baker-Stouder is that Defendant began a florist business in 1991, prior to the divorce and subsequent divorce order. The Government failed to establish Defendant's 1994 income through Mrs. Stouder. For example, the expense calculations were flawed as they did not include food expenses, and the like.

8. In the light most favorable to the Government, there has been no evidence of Defendant having a lavish life-style; rather, Defendant has had to consistently borrow money from her parents to fund lawyers in a custody dispute. Further, the American Express records, in the light most favorable to the Government, simply show that Defendant ran her business with the "credit" card and also paid for airline flights for herself to go to Ft. Lauderdale, and for her daughter to visit her. Further, the fact that Defendant still owes American Express funds is consistent with her claim of inability to pay child support obligations.

9. In the light most favorable to the Government, witness Danetta Dorsett of the Brown County Prosecutor's Office is not credible, and has no idea of Defendant's earnings

from 1994 to 1997, never completed a net-worth analysis of Defendant, never tallied up Defendant's income, and never investigated whether Defendant has the skills or training or talent to work at another field (and certainly never advised Defendant to do so). Mrs. Dorsett acknowledged that Defendant has made some child support payments during the material times, but she did NOT testify whether those payments were in line with Defendant's actual net income (because she could not tell the jury Defendant's income). This Court should also determine that her testimony regarding the "furniture" in Defendant's rental home is not accurate.

10. The testimony of Debbie Harshbarger is also not credible, as she has motive to lie (the bankruptcy proceeding, the business dealings with Defendant), but it is also not relevant to whether Defendant willfully failed to pay child support because the evidence lacks a critical element: whether the sales figures have any relation to actual profits. For example, sales figures could result in negative income for a business. The Government has failed to meet its burden in this regard.

11. The Government has also purposefully avoided placing Defendant's federal income tax records into evidence for the relevant time periods, as such evidence actually bolster's Defendant's inability to pay.

12. The evidence in this case is insufficient to sustain a conviction for the offense of willful failure to pay child support obligations. Fed.R.Crim.P. 29(a). To do so would make every judgment debtor subject to imprisonment for simply trying to meet their basic needs.

## **MEMORANDUM OF LAW**

The seminal issue in this case is whether there is sufficient evidence for a jury to determine willfulness. The meaning of the term "willful" depends on its context. In this case, to find that the Defendant willfully did an act or omitted an act, the Government must prove beyond a reasonable doubt, that at the time payment was due, the Defendant possessed sufficient funds to enable her to meet her obligation, or that the lack of sufficient funds on such date was the result of a voluntary and intentional act without justification in view of all the financial circumstances of the defendant. Thus, the Government must show that the Defendant voluntarily and intentionally violated the duty to pay child support obligations. *H. Rep. No. 102-771, 102d Cong., 2d Sess. at 6; Cheek v. United States*, 498 U.S. 192, 201 (1991). *See also United States v. Williams*, 121 F.3d 615 (11th Cir. 1997) (outlining elements of willfulness and how they are adopted from tax fraud cases).

Further, willfulness cannot be presumed from non-payment alone. The Government is required to prove that the Defendant, as of the dates specified in the Indictment, was willful in her actions of not paying the full amount of child support. Partial payment by the Defendant, if proven, may be relevant to the Defendant's inability to pay child support obligations, and may also show that the Defendant did not willfully neglect child support obligations. The Government has not and cannot show that Defendant should have made more payments than she did. The Government's evidence consists of nothing more than mere speculation, which is insufficient to convict.

This Government's evidence, in a nutshell, is that Defendant should have borrowed money from her parents and others to make her child support payments. Further, the Government contends that Defendant should have sought other, more profitable employment. The district court in *Hogle v. Hogle*, 535 So.2d 704, 705 (Fla. 5th DCA 1988), stated:

In order to impute income, the trial judge must find that the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to work at that higher capacity to avoid support obligations.

*See also Wendroff v. Wendroff*, 614 So.2d 590 (Fla. 1st DCA 1993); *Seilkop v. Seilkop*, 575 So.2d 269 (Fla. 3d DCA 1991). The Government provided no substantial evidence in that regard, because there was no evidence that Defendant deliberately refused to work at a higher capacity. In fact, all of the Government's evidence tends to show that Defendant really hard to make income in a highly competitive business, one in which she had been in at the time before the support order. Indeed, in Florida, the proper method to force a person to pay child support if they are under-employed is to order the person to seek additional work. There was no such order in this case. *Lawrence v. Dept of Revenue*, 755 So.2d 139 (Fla. 2nd DCA 2000), *citing Bowen v. Bowen*, 471 So.2d 1274, 1278 (Fla.1985) ("We note that Lawrence is self-employed and it appears that he is choosing to work in a manner that prohibits him from having the resources to pay the child support ordered. However, the trial court's recourse in that situation is not to hold Lawrence in contempt of court, but to order him to seek work.") *See also Laliberte v. Laliberte*, 698 So.2d 1291 (Fla. 5th DCA 1997) (affirming situations where involuntary change of circumstances may affect willfulness determination).

The Government also contends that Defendant co-mingled funds from her account at the store owned by Mrs. Harshbarger, with funds belonging to her mother. However, co-mingling of funds, without more, is insufficient. The Government has not and cannot show that there were actual profits that were co-mingled. There is no rebutable presumption that Defendant actually reaped profits. Rather, the Government must prove profits, and has failed to do so.

Defendant reserves the right to provide additional cases *ore tenus.*

WHEREFORE, Defendant respectfully requests that this Court grant her motion for judgment of acquittal, and forever discharge her from the allegations in the Indictment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to: Bruce O. Brown, Esq., Assistant United States Attorney, 500 Australian Avenue South, Suite 400, West Palm Beach, FL 33401, by U.S. Mail / ~~hand-delivery~~ / facsimile, on this 13 day of December, 2000.

Respectfully submitted,

VALENTIN RODRIGUEZ, ESQ.
Valentin Rodriguez, P.A.
318 Ninth Street
West Palm Beach, FL 33401
(561) 832-7510
Fla Bar No. 047661

Counsel for Defendant (local counsel)