**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED by _____ D.C.

DEC 18 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • W.P.B.

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                      **CASE NO. 00-6210-CR-HURLEY**

**CINDY K. DEFRIES,**

    **Defendant.**

_____/

**THE LAW**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

**DUTY TO FOLLOW INSTRUCTIONS**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.



You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you may not find the Defendant guilty.

## REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of

2

your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

## EVIDENCE

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## STIPULATIONS OF FACT

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as having been proved.

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

4

## IMPEACHMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

## WITNESS PREPARATION

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his or her testimony.

5

\B6.4

## THE CHARGE IN THIS CASE

Now, let me turn to the crime charged in this case. In summary, the indictment charges two crimes.

First, in Count I the indictment charges that the defendant willfully failed to pay a past due child support obligation from on or about March 1993 through July 1998 in an amount in excess of $5,000.00 for a period of longer than one year in violation of Section 228(a)(1) of the Child Support Recovery Act.

Second, in Count II the indictment charges that the defendant willfully failed to pay a past due child support obligation from on or about July 1998 through August 1999 in an amount in excess of $10,000.00 for a period of longer than two years in violation of Section 228(a)(3) of the Child Support Recovery Act.

### Failure to Pay a Support Obligation

It is a federal crime or offense for any person to willfully fail to pay a support obligation with respect to a child who resides in another state, if such obligation either (1) has remained unpaid for a period longer than one year, or is greater than $5,000.00, or (2) has remained unpaid for a period longer than two years, or is greater than $10,000.00.

Defendant can be found guilty of this offense only if all of the following elements are proved beyond a reasonable doubt:

First:    That the defendant was ordered by a court to pay for the support and maintenance of a child.

Second:    That the child for whom the defendant owed support resided in a

6

\B6.4

different state than the state in which the defendant resided during the periods in the Indictment;

Third:    That the defendant knew of the support obligation;

Fourth:    That the support obligation
(a)  For Count I, remained unpaid for longer than one year, *or* is in amount greater than $5,000.00;
(2)  For Count II, remained unpaid for longer than two years, *or* is in an amount greater than $10,000; and

Fifth:    That the defendant did willfully fail to pay the child support obligation.

## "WILLFULNESS"

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law

With respect to the specific crimes charged in this indictment, the word "willfully," requires the government to prove : (1)  the law imposed a duty to pay upon the defendant; (2)  the defendant knew of this duty,   and  (3)  the defendant voluntarily and intentionally violated that duty.

## Intentional Failure to Pay

In order to establish an intentional failure to pay, the government must  prove *either* (1) that the  defendant had  the  financial  ability  to  fulfill  her obligation and refused to do so, *or  (2)*  that  the defendant lacked the ability to do so,  but  her inability was created by (or  was  the  result  of)  a   voluntary  and   intentional  act  taken   by  defendant  without

7

1B6.4

justification in view of all of her financial circumstances.   Put another way, "willfulness" in this context can be established if the government proves that defendant lacks sufficient funds to pay the obligation because of her own purposeful actions taken with the specific intent of depriving herself of the ability to pay the support obligation.

## INCOME OF THIRD PARTIES

In considering whether the defendant willfully failed to pay child support obligations, you are not to consider the income of third parties, that is, the income of any party other than that of the Defendant.   On the other hand, you may consider monies actually given to the defendant by third parties in determining the defendant's ability to pay the child support obligation.

## ABILITY TO PAY

In order to prove that defendant failed to pay a "past due support obligation," it is sufficient for the government to prove that the defendant was able to pay *some* amount towards the obligation -- not necessarily the entire amount -- and willfully failed to do so.

\B6.4

## STATUTE OF LIMITATIONS

Both of the crimes alleged in the indictment are subject to a five-year statute of limitations. Therefore, if you find that the government proved one or both crimes, you must then determine whether the government also established that the crime or crimes occurred, or continued to occur, after August 1, 1995. If you find that a crime occurred before August 1, 1995 and did not continue after August 1, 1995, you must find the defendant not guilty of this offense.

## CAUTION NOT TO CONSIDER PUNISHMENT

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge to determine.

## DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will

9

be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## **VERDICT**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. The form asks for your verdict on the offense charged in this case, and it is organized to follow the indictment.

You will take the verdict form to the jury room and when you have reached unanimous

agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                    **CASE NO. 00-6210-CR-HURLEY**

**CINDY K. DEFRIES,**

      **Defendant.**

_____/

FILED by _____ D.C.

DEC 1 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**THE LAW**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

**DUTY TO FOLLOW INSTRUCTIONS**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you may not find the Defendant guilty.

## REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of

2

your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

## EVIDENCE

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

3

## STIPULATIONS OF FACT

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as having been proved.

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

4

## IMPEACHMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

## WITNESS PREPARATION

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his or her testimony.

5

\B6.4

## THE CHARGE IN THIS CASE

Now, let me turn to the crime charged in this case. In summary, the indictment charges two crimes.

First, in Count I the indictment charges that the defendant willfully failed to pay a past due child support obligation from on or about March 1993 through July 1998 in an amount in excess of $5,000.00 for a period of longer than one year in violation of Section 228(a)(1) of the Child Support Recovery Act.

Second, in Count II the indictment charges that the defendant willfully failed to pay a past due child support obligation from on or about July 1998 through August 1999 in an amount in excess of $10,000.00 for a period of longer than two years in violation of Section 228(a)(3) of the Child Support Recovery Act.

### Failure to Pay a Support Obligation

It is a federal crime or offense for any person to willfully fail to pay a support obligation with respect to a child who resides in another state, if such obligation either (1) has remained unpaid for a period longer than one year, or is greater than $5,000.00, or (2) has remained unpaid for a period longer than two years, or is greater than $10,000.00.

Defendant can be found guilty of this offense only if all of the following elements are proved beyond a reasonable doubt:

> First:    That the defendant was ordered by a court to pay for the support and maintenance of a child.
>
> Second:    That the child for whom the defendant owed support resided in a

6

1B6.4

different state than the state in which the defendant resided during the periods in the Indictment;

Third:        That the defendant knew of the support obligation;

Fourth:       That the support obligation
              (a) For Count I, remained unpaid for longer than one year, *or* is in amount greater than $5,000.00;
              (2) For Count II, remained unpaid for longer than two years, *or* is in an amount greater than $10,000; and

Fifth:        That the defendant did willfully fail to pay the child support obligation.

## "WILLFULNESS"

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law

With respect to the specific crimes charged in this indictment, the word "willfully," requires the government to prove : (1) the law imposed a duty to pay upon the defendant; (2) the defendant knew of this duty, and (3) the defendant voluntarily and intentionally violated that duty.

### Intentional Failure to Pay

In order to establish an intentional failure to pay, the government must prove *either* (1) that the defendant had the financial ability to fulfill her obligation and refused to do so, *or (2)* that the defendant lacked the ability to do so, but her inability was created by (or was the result of) a voluntary and intentional act taken by defendant without

7                                                                              1B6.4

justification in view of all of her financial circumstances.   Put another way, "willfulness" in this context can be established if the government proves that defendant lacks sufficient funds to pay the obligation because of her own purposeful actions taken with the specific intent of depriving herself of the ability to pay the support obligation.

## INCOME OF THIRD PARTIES

In considering whether the defendant willfully failed to pay child support obligations, you are not to consider the income of third parties, that is, the income of any party other than that of the Defendant. On the other hand, you may consider monies actually given to the defendant by third parties in determining the defendant's ability to pay the child support obligation.

## ABILITY TO PAY

In order to prove that defendant failed to pay a "past due support obligation," it is sufficient for the government to prove that the defendant was able to pay *some* amount towards the obligation -- not necessarily the entire amount -- and willfully failed to do so.

\IB6.4

## STATUTE OF LIMITATIONS

Both of the crimes alleged in the indictment are subject to a five-year statute of limitations. Therefore, if you find that the government proved one or both crimes, you must then determine whether the government also established that the crime or crimes occurred, or continued to occur, after August 1, 1995. If you find that a crime occurred before August 1, 1995 and did not continue after August 1, 1995, you must find the defendant not guilty of this offense.

## CAUTION NOT TO CONSIDER PUNISHMENT

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge to determine.

## DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will

9

be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## **VERDICT**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. The form asks for your verdict on the offense charged in this case, and it is organized to follow the indictment.

You will take the verdict form to the jury room and when you have reached unanimous

10

agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.