UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        )
                                 )    Case No. 00-6210-CR-HURLEY
                                 )
        Plaintiff,                )    Magistrate Judge Vitunac
vs.                              )
                                 )
CINDY K. DEFRIES                 )
                                 )
        Defendant.                )
_____ /

**DEFENDANT'S OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT,
REQUEST FOR DOWNWARD DEPARTURE,
AND MEMORANDUM OF LAW**

Defendant, **Cindy K. DeFries,** through counsel, hereby submits the following Objections to the Pre-sentence Investigation Report, and Memorandum of Law:

I.  **OBJECTIONS**

   A.   **Unresolved Issues of Fact**

        1.   **Amount of Arrearages (*Paragraph 21*)**

        a.   Defendant DeFries was found guilty of Count II of the Indictment, finding that she willfully failed to pay child support, in violation of 18 U.S.C. § 228(a)(3).

        b.   The Indictment does not indicate the exact of amount of arrearages in child support payments; rather, it indicates that Defendant was over $10,000 in

   arrearages for a period of at least two years.

c. The jury did not return a special interrogatory verdict as to the exact amount of arrearages.

d. The Government cannot meet its burden to prove an exact amount of arrearages, taking into account testimony at trial. For example, the testimony indicated that Debbie Harshbarger had withheld making payments of about $6,000 from sales at the consignment store, pertaining to Defendant, which were to be made to Brown County, Indiana. The testimony at trial was that Ms. Harshbarger did not make the payments to Brown County because of a misunderstanding, and then she went bankrupt. This $6,000 to $6,500 should be credited toward Defendant's arrearages. *See Paragraph 18.*

e. There is no specific date at which to fix arrearages. Because Defendant has made payments since the time of the Indictment, and continued to make those payments, the burden in on the Government to credit those payments toward arrearages.

f. Part of the reason that there are large amount of arrearages is that the Brown County prosecutor's office seized $7,200 worth of property (not all of which belonged to her) at Defendant's business, and attempted to sell it in order to make child support obligations, but actually took a loss on it. Defendant should not be penalized for the negligence of a governmental entity, which directly contributed to her inability to reduce the child support arrearages. *See Paragraph 17.*

g. Some lump sum child support payments were made to Brown County and not