UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6210-CR-HURLEY/Vitunac

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**CINDY K. DEFRIES**

    Defendant.

_____/

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE, REQUEST FOR POST-APPEAL SENTENCING HEARING, AND POSTPONEMENT OF SURRENDER DATE

Defendant, **Cindy DeFries,** through counsel, hereby requests this Honorable Court to grant her a Post-Appeal Sentencing Hearing on this Motion for Downward Departure, and for Postponement of the Surrender Date until the hearing. As grounds, counsel for Defendant states:

1. Ms. DeFries was sentenced by this Court on March 30, 2001, to a year and a day imprisonment. Ms. DeFries was released on bond pending appeal. The appeal process took almost two years to complete. In the interim, a request made to the Eleventh Circuit for rehearing was denied, and a writ of certiorari was denied on the same constitutional issues presented in Ms. DeFries' appeal (by another defendant represented by the Federal Public Defender's Office). The Eleventh Circuit issued an unpublished written opinion in this case. On February 28, 2003, this Court directed that Ms. DeFries surrender by March 14, 2003, at noon.

2. At the sentencing hearing of March 30, 2001, this Court expressed its desire (which was objected to by the Government) of sentencing Ms. DeFries to straight probation time. The text of the transcript is as follows:

> "The evidence at trial certainly never portrayed Ms. DeFries as living what one would describe as an extremely lavish lifestyles. The evidence described Ms. DeFries as putting in tremendous amounts of effort in these different business enterprises and deriving some financial renumeration from that. But this is not a situation, if you will, of the poster kind of case for what one normally thinks of for these kinds of violations. You know, someone who is secreting tremendous amounts of money or living terribly lavish life styles. *Now if it were up to me, if I had the ability today, I would impose a sentence of probation because I think that would give me the ability to monitor what happened and to monitor what happened and to require that the child support, in whatever amount, that it be paid.*" (Emphasis added).

Transcript, 3/30/01, pp. 97-98 (*Exhibit A*).

3. Further, this Court advised Ms. DeFries that, upon completion of the appeal, her attorney had the option of filing this instant motion for a downward departure:

> "And I think it is reasonable to anticipate that if you were to lose and not be successful on that appeal that Mr. Rodriguez could well file another motion when you are required to come before the Court to begin serving your sentence that there has been additional post offense rehabilitation that might be sufficient to permit the Court to reconsider the evidence."

Transcript, 3/30/01, pp. 106-07. (*Exhibit A*).

4. As this Court is aware, if Ms. DeFries surrenders before a sentencing modification hearing, and if this Court grants a hearing subsequent to that surrender, then the U.S. Marshal's Office will have to transport Ms. DeFries to West Palm Beach, which is a process that could take over 30 days, and require Ms. DeFries to be dragged around the country, staying at various state and county jails between Indianapolis and West Palm Beach. In the meantime, the purposes of the sentencing modification also

2

would be frustrated, as indicated below. Therefore, Ms. DeFries also requests that the surrender date be continued so that she could surrender at the time of sentencing modification hearing in West Palm Beach.

5. At a sentencing hearing, the evidence will show that Ms. DeFries has drastically changed her lifestyle since the offense occurred. For example, in the 30 months, she has made a $125.00 payment toward child support (both current weekly support and arrearages) and has consistently made those payments, and even paid $3,186.05 extra toward arrearages. *See Exhibit B, parts 1 and 2.* It should be noted that the child support obligations ceased in July 2002, when her daughter turned 18. Therefore, all current weekly payments are being applied toward arrearages.

6. In order to accomplish the goal of making all weekly child support payments and paying off arrearages, Ms. DeFries changed her lifestyle in the following ways:

A) She cut her living expenses by more than 60% (in March 2001) by moving in with a good friend, Bob Goodman, and living in a low-cost mobile home, selling her car and using her mother's car for transportation. At present, she is in a modular home and Mr. Goodman pays the majority of her basis living expenses, while her income goes toward child support arrearages. She currently lives at: 708 South Cory Lane, Lot 10, Bloomington, Indiana.

B) She found a job with CATO Corporation at $8.00/hour, working 40 to 45 hours a week as a first assistant manager in retail clothing. At present, she works for Personnel Management Inc. as a temporary for office personnel work at $9.00/hour, and she is expected to begin a permanent job with a property management company,

in the position of an assistant broker, within the next two weeks. In that job, she would show houses, and learn additional real-estate related computer skills, so that she would have extra earning potential in that field.

C) She took 6 weeks of computer classes paid through Cato Corporation (IBM retail computer programming), and has become more computer savvy to keep up with the current workplace.

D) She increased her income from a total of $5,800 in 2000, to a total of $11,418 in 2001, and approximately $14,581 in 2002. She expects to increase yearly income in order to pay child support arrearages, with a plan to have all arrearages paid within three or four years.

E) She cut out spending on an extra items, and instead has focused on job improvement (despite a depressed economy in her area), and has been assisting with medical care for her ailing mother.

7. As this Court aptly recognized at the sentencing hearing of March 30, 2001, Ms. DeFries, even up to that point, had drastically changed her lifestyle. At this point, she has learned lessons from the past, particularly avoiding risky self-employment business ventures that ultimately led to income losses each year.

8. Ms. DeFries has a good heart and has earnestly tried to make re-payment on child support obligations. Because her daughter turned 18 already, she cannot modify the support. However, she has a bona fide plan to pay off the arrearages, she has made significant progress toward such payments, and she hopes to establish re-unification with her daughter in the near future.

9. In addition, Ms. DeFries uses her spare time to care for her ailing mother, who lives nearby her residence in Indiana (and who appeared in the trial).

10. As this Court also aptly recognized, a one year jail term would not be appropriate under these unique circumstances, which are strong evidence of post-arrest rehabilitation. A year in jail will simply send Ms. DeFries back to square one, and further hinder her ability to finalize payments toward the child support arreages. In essence, she would have one full year of opportunity lost. Over the last two years since sentencing, she has made the most of every day, working productively to chisel away at her past support obligations.

11. A downward departure may be appropriate where post-offense rehabilitation rises to the level to remove the case from the heartland of cases contemplated by the sentencing guidelines. *See U.S. v. Rioux*, 97 F.3d 648 (2nd Cir. 1996) (allowing downward departure for medical condition and good deeds). Defendant DeFries, through counsel, argues that there exists mitigating circumstances (at this point) of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines, which should result in a sentence different from that imposed by the guidelines. Further cases to be provided at a post-appeal sentencing hearing.

12. In accordance with Local Rule 88.9(A), the undersigned has contacted the U.S. Attorney's Office in Miami to determine if there is an objection to this request for hearing. The undersigned was advised that AUSA Bruce Brown no longer handles this case, and that it was undetermined who would be handling this post-appellate

matter. However, a message was left for Madeleine Shirley, Esq., who handled the appeal on behalf of the Government.

**WHEREFORE,** Defendant DeFries respectfully requests this to consider scheduling a brief post-appeal sentencing hearing on this Motion for Downward Departure, and to postpone the surrender date until that hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to: U.S. Attorney's Office, Appeals Division, Madeleine R. Shirley, Esq., Appellate Division, U.S. Attorney's Office, Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132, by U.S. Mail / hand-delivery / facsimile, on this 3rd day of March, 2003.

Respectfully submitted,

_____
VALENTIN RODRIGUEZ, ESQ.
Valentin Rodriguez, P.A.
318 Ninth Street
West Palm Beach, FL 33401
(561) 832-7510
Fla Bar No. 047661

Counsel for Defendant (CJA-appeal)

6

```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF FLORIDA


    UNITED STATES OF AMERICA,  )
                               )
              Plaintiff,       )
                               )
    vs.                        )
                               )
    CINDY K. DEFRIES,          )      CASE NUMBER:
                               )      00-6210-CR-HURLEY
                               )
              Defendant.       )
                               )


          Transcript of sentencing proceedings before the
    Honorable Daniel T. K. Hurley, United States District Judge, at
    West Palm Beach, Florida, on the 30th day of March, 2001.



    APPEARANCES OF COUNSEL:

       For the United States:       BRUCE T. BROWN, AUSA
                                    West Palm Beach, Florida

       For the Defendant:           VALENTIN RODRIGUEZ, ESQ.
                                    West Palm Beach, Florida


       Court Reporter:              Jerald J. Reeves, RPR

       Proceedings recorded by mechanical stenography.

       Transcription produced by computer.


              OFFICIAL REPORTER UNITED STATES DISTRI
```

DEFENDANT'S EXHIBIT
CASE NO. 00-6210CRHURLEY
EXHIBIT NO. A COMPOSITE

1       I understand also, by the way, how difficult that can be
2  when someone is in another state and may not have the financial
3  wherewithal either to retain counsel to come down and litigate
4  these issues.
5       As I have said, however, this Court as a matter of law
6  is absolutely required to give deference to the judgment of the
7  Circuit Court of the State of Florida. So I have to presume that
8  that is a valid obligation and with that that Ms. Defries has the
9  ability to meet those requirements unless they have been altered.
10       Now, I also understand that once that process gets
11  going, once the judgment is in place and the order to pay child
12  support is there, that those monies get tabulated every single
13  week. And the arrearage can become huge unless somebody goes and
14  tries to modify it.
15       The evidence at trial certainly never portrayed Ms.
16  Defries as living what one would describe as an extremely lavish
17  lifestyle. The evidence described Ms. Defries as putting in
18  tremendous amounts of effort in these different business
19  enterprises and deriving some financial remuneration from that.
20       But this is not a situation, if you will, of the poster
21  kind of case for what one normally thinks of for these kinds of
22  violations. You know, someone who is secreting tremendous
23  amounts of money or living terribly lavish life styles.
24       Now, if it were up to me, if I had the ability today, I
25  would impose a sentence of probation I because I think that would

give me the ability to monitor what happened and to require that the child support, in whatever amount, that it be paid.

And I would also require as an element of that probationary sentence that Ms. Defries in a timely fashion go before an appropriate tribunal to get that issue resolved once and for all.

Normally I would have assumed that had to be done in Florida. But you have given me a copy of a notification from the Brown County, Indiana District Attorney's office or prosecutor's office that at least suggests that maybe that can be done in Indiana.

I am not sure of that and whether that only refers to Indiana child support orders.

But my point is that is something that I would have done. And I say that because the ultimate goal, I think, of everybody here is that there be child support paid. We are talking really of Shannon's right to have both her mother and her father contribute to her support.

Having had the opportunity to see Shannon and to hear from her, she is someone that I am sure her parents both are enormously proud of. She is a young lady who is doing extremely well academically. She is also engaged in other activities, supports and other activities.

So as parents I am sure both you and her father are very proud of her.

1  rulings, yes. But she will ask the Court now for an attorney.

2      THE COURT:    Do you intend to take an appeal, Ms.
3  Defries?

4      THE DEFENDANT: Yes.

5      THE COURT:    All right. Let's do this now so it is
6  very clear.

7      First I do find that Ms. Defries is entitled to the
8  appointment of Court appointed counsel. I will appoint counsel
9  to represent her on that appeal.

10     I think that there have been several issues raised today
11 that are serious issues. They are not frivolous. So that I
12 think that an appeal obviously raises some issues.

13     It is my intention to set an appeal bond in this case.
14 The bond will be the very same bond that has been in existence as
15 a result of the pretrial matters.

16     And I will appoint counsel. And I intend to appoint Mr.
17 Rodriguez if he is willing to accept the appointment.

18     MR. RODRIGUEZ: I will take the appointment, your Honor,
19 to represent Ms. Defries on appellate.

20     THE COURT:    Now, I want to be very clear about this.
21 What this means, Ms. Defries, is that you may remain at liberty
22 on the same terms and conditions as now set during the appeal in
23 this case, okay?

24     And I want you to hear me. And I think it is reasonable
25 to anticipate that if you were to lose and not be successful on

that appeal that Mr. Rodriguez could well file another motion when you are required to come before the Court to begin serving your sentence that there has been additional post offense rehabilitation that might be sufficient to permit the Court to reconsider the sentence.

Now, I want to tell you here today what is important to me. And it is basically what I said to you before.

I think what you have done to date in terms of coming to grips with the fact that you can't make it in the business enterprises that you have been pursuing, I think that you recognize that that is a correct decision on your part, okay?

We cannot go back and undo the unfortunate things that led to you get divorced.

But you have got a long life ahead of you. And you have got to put that behind you and move on. You have got to get a job for yourself, okay?

And the other thing that you absolutely have got to do, you have got to file an appropriate pleading to get some court, whether it be in Broward County or up in Indiana if they can do it, and I was never aware of the fact that they can do it in Indiana, but you have got to get some court to take a second look at this if you think that is appropriate to make its judgment on what is an appropriate amount of child support.

And I want you to know, this is really, really important, you have to be faithful in paying that amount of child

```
AS&CJK    IO13ECS                    J S M T S                        PAGE    1
03/03/03  09:50:14                  PAYMENT HISTORY
                     CAUSE # 07C01-9407-RS-200              CASE #    1099698
                     FROM 03/01/2002 TO 03/03/2003          CERTIFIED (Y/N) Y
PAYOR   DEFRIES       CINDY         K                       MPI #     786821
PAYEE   DEFRIES       MICHAEL       F                       MPI #     1099697
            AMT PD BY PAYOR NOT DIRECTED TO ANY CASE/CAUSE :    0.00
            AMT REMAINING TO BE DISBURSED FROM THIS CASE/CAUSE :    0.00

   DATE        AMOUNT        METHOD          TYPE       CK/RCP #    WORKER
CHK STAT  CHECK NUM   REIS CHK #  DISB DATE   AMOUNT   SUPTYP SUBTYP SUB PAYEE
-------   ---------   ---------   ---------   -------  -----------------------
02/25/2003            125.00 CHECK (NO HOLD) MAIL-IN   7764        1013ECS
OUTS  52863                       02/26/2003  125.00 CHLD NADCU 0001099697
02/19/2003            125.00 CHECK (NO HOLD) MAIL-IN   7758        1013ECS
OUTS  52718                       02/20/2003  125.00 CHLD NADCU 0001099697
02/11/2003            125.00 CHECK (NO HOLD) MAIL-IN   7748        1013BFF
OUTS  52550                       02/12/2003  125.00 CHLD NADCU 0001099697
02/04/2003            125.00 CHECK (NO HOLD) MAIL-IN   7741        1013BFF
OUTS  52348                       02/05/2003  125.00 CHLD NADCU 0001099697
01/28/2003            125.00 CHECK (NO HOLD) MAIL-IN   7736        1013ECS
OUTS  52091                       01/29/2003  125.00 CHLD NADCU 0001099697
01/22/2003            125.00 CHECK (NO HOLD) MAIL-IN   7727        1013ECS
RECN  51929                       01/23/2003  125.00 CHLD NADCU 0001099697
01/14/2003            125.00 CHECK (NO HOLD) MAIL-IN   7722        1013JAW
RECN  51734                       01/15/2003  125.00 CHLD NADCU 0001099697
01/07/2003            125.00 CHECK (NO HOLD) MAIL-IN   7715        1013ECS
RECN  51466                       01/08/2003  125.00 CHLD NADCU 0001099697
12/31/2002            125.00 CHECK (NO HOLD) MAIL-IN   7705        1013ECS
RECN  51276                       01/02/2003  125.00 CHLD NADCU 0001099697
12/24/2002            125.00 CHECK (NO HOLD) MAIL-IN   7700        1013ECS
RECN  51150                       12/27/2002  125.00 CHLD NADCU 0001099697
12/17/2002            125.00 CHECK (NO HOLD) MAIL-IN   7682        1013ECS
RECN  50972                       12/18/2002  125.00 CHLD NADCU 0001099697
12/10/2002            125.00 CHECK (NO HOLD) MAIL-IN   7685        1013ECS
RECN  50788                       12/11/2002  125.00 CHLD NADCU 0001099697
12/03/2002            125.00 CHECK (NO HOLD) MAIL-IN   7673        1013ECS
RECN  50604                       12/04/2002  125.00 CHLD NADCU 0001099697
12/02/2002            125.00 CHECK (NO HOLD) MAIL-IN   7669        1013ECS
RECN  50496                       12/03/2002  125.00 CHLD NADCU 0001099697
11/19/2002            125.00 CHECK (NO HOLD) MAIL-IN   7660        1013ECS
RECN  50235                       11/20/2002  125.00 CHLD NADCU 0001099697
11/13/2002            125.00 CHECK (NO HOLD) MAIL-IN   7648        1013ECS
RECN  50043                       11/14/2002  125.00 CHLD NADCU 0001099697
11/06/2002            125.00 CHECK (NO HOLD) MAIL-IN   7640        1013ECS
RECN  49898                       11/07/2002  125.00 CHLD NADCU 0001099697
10/30/2002            125.00 CHECK (NO HOLD) MAIL-IN   7630        1013ECS
RECN  49689                       10/31/2002  125.00 CHLD NADCU 0001099697
10/22/2002            125.00 CHECK (NO HOLD) MAIL-IN   7623        1013ECS
RECN  49501                       10/23/2002  125.00 CHLD NADCU 0001099697
10/16/2002            125.00 CHECK (NO HOLD) MAIL-IN   7619        1013ECS
RECN  49337                       10/17/2002  125.00 CHLD NADCU 0001099697
10/08/2002            125.00 CHECK (NO HOLD) MAIL-IN   7614        1013JAW
RECN  49154                       10/09/2002  125.00 CHLD NADCU 0001099697
10/02/2002            125.00 CHECK (NO HOLD) MAIL-IN   7606        1013ECS
RECN  48968                       10/03/2002  125.00 CHLD NADCU 0001099697
09/24/2002            125.00 CHECK (NO HOLD) MAIL-IN   7600        1013ECS
RECN  48801                       09/25/2002  125.00 CHLD NADCU 0001099697
09/17/2002            125.00 CHECK (NO HOLD) MAIL-IN   7593        1013ECS
RECN  48629                       09/18/2002  125.00 CHLD NADCU 0001099697
```



DEFENDANT'S EXHIBIT
CASE NO. 00-6210-CR-H[url]
EXHIBIT NO. B-part 1 COMPOSITE

```
ASECJK    1013BCS                  I S S T S                          PAGE    2
03/03/03  09:50:14              PAYMENT HISTORY
             CAUSE #  07CI1-9407-RS-200                    CASE #     1099698
             FROM 01/01/2002 TO 03/03/2003                 CERTIFIED (Y/N)  Y
PAYOR    DEFRIES          CINDY          K                 MPI #      706831
PAYEE    DEFRIES          MICHAEL        F                 MPI #      1099697
             AMT PD BY PAYOR NOT DIRECTED TO ANY CASE/CAUSE :        0.00
             AMT REMAINING TO BE DISBURSED FROM THIS CASE/CAUSE :    0.00

   DATE        AMOUNT       METHOD         TYPE       CK/RCP #   WORKER
CHK STAT CHECK NUM   REIS CHK #  DISB DATE   AMOUNT   SUBTYP SUBTYP GUD PAYEE
-------- ---------   ---------- ----------  --------  ------ ------ --- -------
09/10/2002          125.00 CHECK (NO HOLD) MAIL-IN     7582      1013BCS
RECN    48443                   09/11/2002  125.00  CHLD NADCU  0001099697
09/04/2002          125.00 CHECK (NO HOLD) MAIL-IN     7574      1013BCS
RECN    48283                   09/05/2002  125.00  CHLD NADCU  0001099697
08/27/2002          125.00 CHECK (NO HOLD) MAIL-IN     7568      1013BCS
RECN    48073                   08/28/2002  125.00  CHLD NADCU  0001099697
08/20/2002          125.00 CHECK (NO HOLD) MAIL-IN     7562      1013BCS
RECN    47900                   08/21/2002  125.00  CHLD NADCU  0001099697
08/13/2002          125.00 CHECK (NO HOLD) MAIL-IN     7554      1013BCS
RECN    47713                   08/14/2002  125.00  CHLD CSUP   0001099697
08/06/2002          125.00 CHECK (NO HOLD) MAIL-IN     7548      1013JAN
RECN    47515                   08/07/2002  125.00  CHLD CSUP   0001099697
07/30/2002          125.00 CHECK (NO HOLD) MAIL-IN     7539      1013BCS
RECN    47310                   07/31/2002  125.00  CHLD CSUP   0001099697
07/23/2002          125.00 CHECK (NO HOLD) MAIL-IN     7534      1013BCS
RECN    47118                   07/24/2002  125.00  CHLD CSUP   0001099697
07/16/2002          125.00 CHECK (NO HOLD) MAIL-IN     7525      1013JAN
RECN    46941                   07/17/2002  125.00  CHLD CSUP   0001099697
07/09/2002          125.00 CHECK (NO HOLD) MAIL-IN     7515      1013BCS
RECN    46741                   07/10/2002  125.00  CHLD CSUP   0001099697
07/02/2002          125.00 CHECK (NO HOLD) MAIL-IN     7509      1013BCS
RECN    46568                   07/03/2002  125.00  CHLD CSUP   0001099697
06/25/2002          125.00 CHECK (NO HOLD) MAIL-IN     7503      1013BCS
RECN    46364                   06/26/2002  125.00  CHLD CSUP   0001099697
06/18/2002          125.00 CHECK (NO HOLD) MAIL-IN     7496      1013BCS
RECN    46116                   06/19/2002  125.00  CHLD CSUP   0001099697
06/17/2002         2784.22 CHECK (NO HOLD) DIRECTED    112       1013BCS
RECN    46099                   06/18/2002  2784.22 CHLD NADCU  0001099697
06/11/2002          125.00 CHECK (NO HOLD) MAIL-IN     7480      1013BCS
RECN    45955                   06/12/2002  125.00  CHLD CSUP   0001099697
06/05/2002          125.00 CHECK (NO HOLD) MAIL-IN     7478      1013BCS
RECN    45775                   06/06/2002  125.00  CHLD CSUP   0001099697
05/29/2002          125.00 CHECK (NO HOLD) MAIL-IN     7473      1013BCS
RECN    45557                   05/30/2002  125.00  CHLD CSUP   0001099697
05/21/2002          125.00 CHECK (NO HOLD) MAIL-IN     7467      1013BCS
RECN    45371                   05/22/2002  125.00  CHLD CSUP   0001099697
05/14/2002          125.00 CHECK (NO HOLD) MAIL-IN     7458      1013JAN
RECN    45150                   05/15/2002  125.00  CHLD CSUP   0001099697
05/08/2002          125.00 CHECK (NO HOLD) MAIL-IN     7451      1013JAN
RECN    44978                   05/09/2002  125.00  CHLD CSUP   0001099697
04/30/2002          125.00 CHECK (NO HOLD) MAIL-IN     7439      1013BCS
RECN    44710                   05/01/2002  125.00  CHLD NADCU  0001099697
04/23/2002          125.00 CHECK (NO HOLD) MAIL-IN     7437      1013BCS
RECN    44556                   04/24/2002  125.00  CHLD CSUP   0001099697
04/16/2002          125.00 CHECK (NO HOLD) MAIL-IN     7426      1013BCS
RECN    44280                   04/17/2002  125.00  CHLD CSUP   0001099697
04/10/2002          125.00 CHECK (NO HOLD) MAIL-IN     7415      1013JAN
RECN    44184                   04/11/2002  125.00  CHLD CSUP   0001099697
```

BROWN CO CLERK                  D:312-9885562                      MAR 03    10:00 No.002 P.03

```
ASRCJK    1013BCS                       I S E T S                              PAGE     3
03/03/03  09:50:14              PAYMENT HISTORY
                    CAUSE #  07C01-9407-RS-200                    CASE #       1099698
                    FROM 01/01/2002  TO  03/03/2003               CERTIFIED (Y/N) Y
PAYOR     DEFRIES            CINDY           K                    MPI #        786821
PAYEE     DEFRIES            MICHAEL         P                    MPI #       1099697
            AMT PD BY PAYOR NOT DIRECTED TO ANY CASE/CAUSE :       0.00
            AMT REMAINING TO BE DISBURSED FROM THIS CASE/CAUSE :   0.00

    DATE         AMOUNT         METHOD             TYPE        CK/RCP #   WORKER
CHK STAT CHECK NUM      RE18 CHK #  DISB DATE    AMOUNT    SUBTYP SUBTYP SUB PAYEE
-------- ----------     ------------ ----------  --------  ------ ------ --------

04/02/2002       125.00  CHECK (NO HOLD) MAIL-IN              7406        1013BCS
RECN      43953                  04/03/2002     125.00  CHLD CSUP  0001099697
03/26/2002       125.00  CHECK (NO HOLD) MAIL-IN              7401        1013BCS
RECN      43688                  03/27/2002     125.00  CHLD CSUP  0001099697
03/19/2002       125.00  CHECK (NO HOLD) MAIL-IN              7395        1013JAW
RECN      43458                  03/20/2002     125.00  CHLD CSUP  0001099697
03/12/2002       125.00  CHECK (NO HOLD) MAIL-IN              7388        1013JAW
RECN      43272                  03/13/2002     125.00  CHLD CSUP  0001099697
03/05/2002       125.00  CHECK (NO HOLD) MAIL-IN              7379        1013BCS
RECN      43040                  03/06/2002     125.00  CHLD CSUP  0001099697
02/26/2002       125.00  CHECK (NO HOLD) MAIL-IN              7375        1013BCS
RECN      42806                  02/27/2002     125.00  CHLD CSUP  0001099697
02/21/2002       125.00  CHECK (NO HOLD) MAIL-IN              7368        1013BCS
RECN      42618                  02/22/2002     125.00  CHLD CSUP  0001099697
02/12/2002       125.00  CHECK (NO HOLD) MAIL-IN              7358        1013BCS
RECN      42362                  02/13/2002     125.00  CHLD CSUP  0001099697
02/05/2002       125.00  CHECK (NO HOLD) MAIL-IN              7349        1013BCS
RECN      42147                  02/06/2002     125.00  CHLD CSUP  0001099697
01/29/2002       125.00  CHECK (NO HOLD) MAIL-IN              7346        1013BCS
RECN      41883                  01/30/2002     125.00  CHLD CSUP  0001099697
01/22/2002       125.00  CHECK (NO HOLD) MAIL-IN              7343        1013BCS
RECN      41610                  01/23/2002     125.00  CHLD CSUP  0001099697
01/15/2002       125.00  CHECK (NO HOLD) MAIL-IN              7333        1013BCS
RECN      41494                  01/16/2002     125.00  CHLD CSUP  0001099697
01/11/2002       125.00  CHECK (NO HOLD) MAIL-IN              7327        1013BCS
RECN      41343                  01/14/2002     125.00  CHLD CSUP  0001099697
01/02/2002       125.00  CHECK (NO HOLD) MAIL-IN              7317        1013BCS
RECN      41030                  01/03/2002     125.00  CHLD CSUP  0001099697
12/21/2001       120.00  CHECK (NO HOLD) ANNUAL SUPP FEE 009738 1013BCS
                                                 20.00  MONS AGFE  0000000045
                                                100.00  MONS AGFE  0000000045


         TOTAL CASE DISTRIBUTIONS:     10409.22
```

THE CLERK OF THE ABOVE COURT VERIFIES ONLY THE CORRECTNESS OF THE ABOVE
PAYMENTS RECEIPTED IN THE CLERKS OFFICE FOR THE SPECIFIED CAUSE NUMBER.
THE CLERK DOES NOT VERIFY THE CORRECTNESS OF DELINQUENCY AND ARREARAGE
BALANCES.

```
BROWN CO CLERK        1:812-9885562                         MAR 03       10:01  No.003 P.04

ASECOR     T013ECS               ISETS                             PAGE     4
03/03/03   09:50:14           PAYMENT HISTORY
           CAUSE #   07C01 9407-RS-200                 CASE #        1099698
           FROM 01/01/2002  TO  03/03/2003             CERTIFIED (Y/N) Y
PAYOR    DEFRIES          CINDY         K              MPI #           786821
PAYEE    DEFRIES          MICHAEL       F              MPI #          1099697
                AMT PD BY PAYOR NOT DIRECTED TO ANY CASE/CAUSE :    0.00
                AMT REMAINING TO BE DISBURSED FROM THIS CASE/CAUSE : 0.00
     DATE        AMOUNT       METHOD          TYPE        CK/RCP #    WORKER
  CHK STAT CHECK NUM    REIS CHK # DISB DATE  AMOUNT    SUPTYP SUBTYP SUB PAYEE
  -------- ---------    --------- ---------   ------    ------ ------ ---------
  11/27/2002     281.83 CHECK (NO HOLD) STATE TAX                 ISETS999
  OUTS    40158806              12/26/2002    281.83 CHILD NADCU  0001099697


       TOTAL CASE DISTRIBUTIONS:     281.83


  PAYMENTS POSTED BY THE STATE ON THIS CASE MAY BE DUPLICATED ON THE
  CLERKS PRE-ISETS PAYMENT HISTORY.
```

```
ASRGJK     IG13ECS              I S E T S                           PAGE     1
03/03/03   10:29:34              PAYMENT HISTORY
                 CAUSE #  07C01-9407-RS-200             CASE #       1099698
                 FROM 11/01/2000 TO 01/01/2002          CERTIFIED (Y/N) Y
PAYOR   DEFRIES        CINDY         K                  NPI #        786821
PAYEE   DEFRIES        MICHAEL       P                  MPI #       1099697
         AMT PD BY PAYOR NOT DIRECTED TO ANY CASE/CAUSE :     0.00
         AMT REMAINING TO BE DISBURSED FROM THIS CASE/CAUSE : 0.00
     DATE         AMOUNT      METHOD       TYPE       CK/RCP #  WORKER
CHK STAT CHECK NUM   ORIG CHK # DISB DATE   AMOUNT   SUPTYP SUBTYP SUB PAYEE

12/21/2001       120.00 CHECK (NO HOLD) ANNUAL SUPP FEE 309739     IO13ECS
                                                   20.00 NONS ANFE    0000000045
                                                  100.00 NONS ASFE    0000000045
12/26/2001       125.00 CHECK (NO HOLD) MAIL-IN         7313       IO13ECS
RECN     40769                   12/27/2001       125.00 CHLD CSUP    0001099697
12/18/2001       125.00 CHECK (NO HOLD) MAIL-IN         7304       IO13ECS
RECN     40601                   12/19/2001       125.00 CHLD CSUP    0001099697
12/11/2001       125.00 CHECK (NO HOLD) MAIL-IN         7296       IO13ECS
RECN     40431                   12/12/2001       125.00 CHLD CSUP    0001099697
12/04/2001       125.00 CHECK (NO HOLD) MAIL-IN         7286       IO13ECS
RECN     40202                   12/05/2001       125.00 CHLD CSUP    0001099697
11/27/2001       125.00 CHECK (NO HOLD) MAIL-IN         7281       IO13ECS
RECN     39940                   11/28/2001       125.00 CHLD CSUP    0001099697
11/20/2001       125.00 CHECK (NO HOLD) MAIL-IN         7273       IO13ECS
RECN     39750                   11/21/2001       125.00 CHLD CSUP    0001099697
11/14/2001       125.00 CHECK (NO HOLD) MAIL-IN         7261       IO13ECS
RECN     39525                   11/15/2001       125.00 CHLD CSUP    0001099697
11/06/2001       125.00 CHECK (NO HOLD) MAIL-IN         7257       IO13ECS
RECN     39269                   11/07/2001       125.00 CHLD CSUP    0001099697
10/30/2001       125.00 CHECK (NO HOLD) MAIL-IN         7249       IO13ECS
RECN     39077                   10/31/2001       125.00 CHLD CSUP    0001099697
10/24/2001       125.00 CHECK (NO HOLD) MAIL-IN         7246       IO13ECS
RECN     38859                   10/25/2001       125.00 CHLD CSUP    0001099697
10/16/2001       125.00 CHECK (NO HOLD) MAIL-IN         7235       IO13ECS
RECN     38610                   10/17/2001       125.00 CHLD CSUP    0001099697
10/10/2001       125.00 CHECK (NO HOLD) MAIL-IN         7228       IO13JAW
RECN     38405                   10/11/2001       125.00 CHLD CSUP    0001099697
10/02/2001       125.00 CHECK (NO HOLD) MAIL-IN         7221       IO13ECS
RECN     38183                   10/04/2001       125.00 CHLD CSUP    0001099697
09/27/2001       125.00 CHECK (NO HOLD) MAIL-IN         7217       IO13ECS
RECN     38006                   09/28/2001       125.00 CHLD CSUP    0001099697
09/19/2001       125.00 CHECK (NO HOLD) MAIL-IN         7210       IO13ECS
RECN     37725                   09/20/2001       125.00 CHLD CSUP    0001099697
09/11/2001       125.00 CHECK (NO HOLD) MAIL-IN         7201       IO13ECS
RECN     37492                   09/12/2001       125.00 CHLD CSUP    0001099697
09/05/2001       125.00 CHECK (NO HOLD) MAIL-IN         7192       IO13ECS
RECN     37306                   09/06/2001       125.00 CHLD CSUP    0001099697
08/28/2001       125.00 CHECK (NO HOLD) MAIL-IN         7186       IO13ECS
RECN     37064                   08/29/2001       125.00 CHLD CSUP    0001099697
08/21/2001       125.00 CHECK (NO HOLD) MAIL-IN         7179       IO13ECS
RECN     36836                   08/22/2001       125.00 CHLD CSUP    0001099697
08/15/2001       125.00 CHECK (NO HOLD) MAIL-IN         7168       IO13JAW
RECN     36646                   08/16/2001       125.00 CHLD CSUP    0001099697
08/07/2001       125.00 CHECK (NO HOLD) MAIL-IN         7162       IO13JAW
RECN     36397                   08/08/2001       125.00 CHLD COUP    0001099697
07/31/2001       125.00 CHECK (NO HOLD) MAIL-IN         7152       IO13ECS
RECN     36156                   08/01/2001       125.00 CHLD NADCU   0001099697
07/24/2001       125.00 CHECK (NO HOLD) MAIL-IN         7147
```

DEFENDANT'S EXHIBIT
CASE NO. 00-6210-CR-
EXHIBIT NO. B-part2 COMPOSITE

```
ASECJK    I013ECS                I S E T S                        PAGE     2
03/03/03  10:29:34             PAYMENT HISTORY
              CAUSE #  07C01-9407-RR-200              CASE #      1099698
              FROM 11/01/2000 TO 01/01/2002           CERTIFIED (Y/N) Y
PAYOR   DEFRIES        CINDY         K                MPI #       786821
PAYEE   DEFRIES        MICHAEL       P                MPI #       1099697
         AMT PD BY PAYOR NOT DIRECTED TO ANY CASE/CAUSE :    0.00
         AMT REMAINING TO BE DISBURSED FROM THIS CASE/CAUSE :  0.00
   DATE      AMOUNT       METHOD           TYPE       CK/RCP #   WORKER
CHK STAT CHECK NUM   REIS CHK # DISB DATE  AMOUNT   SUBTYP SUBTYP SUB PAYER

           RECN     35928                07/25/2001   125.00 CHLD CSUP  0001099697
07/17/2001           125.00 CHECK (NO HOLD) MAIL-IN           7140        I013ECS
           RECN     35722                07/18/2001   125.00 CHLD CSUP  0001099697
07/10/2001           125.00 CHECK (NO HOLD) MAIL-IN           7129        I013ECS
           RECN     35498                07/11/2001   125.00 CHLD CSUP  0001099697
07/03/2001           125.00 CHECK (NO HOLD) MAIL-IN           7121        I013ECS
           RECN     35302                07/05/2001   125.00 CHLD CSUP  0001099697
06/26/2001           125.00 CHECK (NO HOLD) MAIL-IN           7113        I013ECS
           RECN     35062                06/27/2001   125.00 CHLD CSUP  0001099697
06/19/2001           125.00 CHECK (NO HOLD) MAIL-IN           7102        I013ECS
           RECN     34855                06/20/2001   125.00 CHLD CSUP  0001099697
06/12/2001           125.00 CHECK (NO HOLD) MAIL-IN           7092        I013ECS
           RECN     34647                06/13/2001   125.00 CHLD CSUP  0001099697
06/05/2001           125.00 CHECK (NO HOLD) MAIL-IN           7085        I013ECS
           RECN     34444                06/06/2001   125.00 CHLD CSUP  0001099697
05/30/2001           125.00 CHECK (NO HOLD) MAIL-IN           7076        I013ECS
           RECN     34213                05/31/2001   125.00 CHLD CSUP  0001099697
05/22/2001           125.00 CHECK (NO HOLD) MAIL-IN           7069        I013ECS
           RECN     33986                05/23/2001   125.00 CHLD CSUP  0001099697
05/15/2001           125.00 CHECK (NO HOLD) MAIL-IN           7056        I013ECS
           RECN     33760                05/16/2001   125.00 CHLD CSUP  0001099697
05/08/2001           125.00 CHECK (NO HOLD) MAIL-IN           7051        I013ECS
           RECN     33528                05/09/2001   125.00 CHLD CSUP  0001099697
05/02/2001           125.00 CHECK (NO HOLD) MAIL-IN           7044        I013ECS
           RECN     33133                05/03/2001   125.00 CHLD CSUP  0001099697
04/24/2001           125.00 CHECK (NO HOLD) MAIL-IN           7036        I013ECS
           RECN     32859                04/25/2001   125.00 CHLD CSUP  0001099697
04/17/2001           125.00 CHECK (NO HOLD) MAIL-IN           7031        I013ECS
           RECN     32197                04/18/2001   125.00 CHLD CSUP  0001099697
04/11/2001           125.00 CHECK (NO HOLD) MAIL-IN           7021        I013ECS
           RECN     32017                04/12/2001   125.00 CHLD CSUP  0001099697
04/03/2001           125.00 CHECK (NO HOLD) MAIL-IN           7010        I013ECS
           RECN     31682                04/04/2001   125.00 CHLD CSUP  0001099697
03/27/2001            20.00 MONEY ORDER    ANNUAL SUPP FEE SEE BELOW     I013RPF
                                                       20.00 NONS ASFE   0000000045
03/27/2001           125.00 CHECK (NO HOLD) MAIL-IN           7007        I013ECS
           RECN     31460                03/28/2001   125.00 CHLD NAIXU  0001099697
03/22/2001           125.00 CHECK (NO HOLD) MAIL-IN           7003        I013ECS
           RECN     31291                03/23/2001   125.00 CHLD CSUP  0001099697
03/13/2001           125.00 CHECK (NO HOLD) MAIL-IN           6994        I013ECS
           RECN     31033                03/14/2001   125.00 CHLD CSUP  0001099697
03/06/2001           125.00 CHECK (NO HOLD) MAIL-IN           6985        I013ECS
           RECN     30815                03/07/2001   125.00 CHLD CSUP  0001099697
03/01/2001           125.00 CHECK (NO HOLD) MAIL-IN           6982        I013ECS
           RECN     30627                03/02/2001   125.00 CHLD CSUP  0001099697
02/22/2001           125.00 CHECK (NO HOLD) MAIL-IN           6973        I013ECS
           RECN     30377                02/23/2001   125.00 CHLD CSUP  0001099697
02/13/2001           125.00 CHECK (NO HOLD) MAIL-IN           6961        I013ECS
```

```
ASECJK     1013ECS                  T S E T S                      PAGE      3
03/03/03   10:29:34              PAYMENT HISTORY
                   CAUSE #  07C01-9407-RP-200               CASE #    1099698
                   FROM 11/01/2000 TO 01/01/2002            CERTIFIED (Y/N) Y
PAYOR      DEFRIES           CINDY        K                 MPI #      786821
PAYER      DEFRIES           MICHAEL      F                 MPI #     1099697
               AMT PD BY PAYOR NOT DIRECTED TO ANY CASE/CAUSE :       0.00
               AMT REMAINING TO BE DISBURSED FROM THIS CASE/CAUSE :   0.00
     DATE          AMOUNT         METHOD          TYPE      CK/RCP #   WORKER
CHK STAT  CHECK NUM   REIS CHK #  DISB DATE      AMOUNT   SUPTYP SUBTYP SUB PAYEE
-------   ---------   ---------   ---------      ------   ------ ------ ---------
RECN        30104                 02/14/2001     125.00   CHLD   CSUP    0001099697
02/06/2001    125.00  CHECK (NO HOLD) MAIL-IN              6957         1013ECS
RECN        29893                 02/07/2001     125.00   CHLD   CSUP    0001099697
01/30/2001    125.00  CHECK (NO HOLD) MAIL-IN              6949         1013ECS
RECN        29643                 01/31/2001     125.00   CHLD   CSUP    0001099697
01/23/2001    125.00  CHECK (NO HOLD) MAIL-IN              6947         1013ECS
RECN        29430                 01/24/2001     125.00   CHLD   CSUP    0001099697
01/17/2001    125.00  CHECK (NO HOLD) MAIL-IN              6944         1013ECS
RECN        29221                 01/18/2001     125.00   CHLD   CSUP    0001099697
01/09/2001    125.00  CHECK (NO HOLD) MAIL-IN              6933         1013JAW
RECN        28976                 01/10/2001     125.00   CHLD   CSUP    0001099697
01/03/2001    125.00  CHECK (NO HOLD) MAIL-IN              6923         1013BFF
RECN        28735                 01/04/2001     125.00   CHLD   CSUP    0001099697
12/28/2000    125.00  CHECK (NO HOLD) MAIL-IN              6918         1013ECS
RECN        28584                 12/29/2000     125.00   CHLD   CSUP    0001099697
11/29/2000    152.13  CHECK (NO HOLD) MAIL-IN              6893         1013ECS
RECN        27667                 11/30/2000     152.13   CHLD   CSUP    0001099697
11/17/2000    228.97  CHECK (NO HOLD) MAIL-IN              6889         1013ECS
RECN        27271                 11/20/2000     228.97   CHLD   CSUP    0001099697

          TOTAL CASE DISTRIBUTIONS.           2006.10
```

THE CLERK OF THE ABOVE COURT VERIFIES ONLY THE CORRECTNESS OF THE ABOVE PAYMENTS RECEIPTED IN THE CLERKS OFFICE FOR THE SPECIFIED CAUSE NUMBER. THE CLERK DOES NOT VERIFY THE CORRECTNESS OF DELINQUENCY AND ARREARAGE BALANCES.